ADAM BAX AND WIFE, APPELLEES, V. JOSEPH H. HOAGLAND AND OTHERS, APPELLANTS.

Foreclosure: ASSIGNMENT OF JUDGMENT IN SATISFACTION. In 1872 a decree of foreclosure for the sum of $1,866.60 was rendered against B. and wife and in favor of B. & Co. In 1873 the wife of B. recovered a judgement for the sum of $872.60 against M. & M., which was stayed. After the expiration of the time for reviewing the case on error, no bill of exceptions having been assigned or filed, B. & Co. accepted $400, and released a portion of the mortgaged premises, and received the judgment against M. & M. for the remainder. Afterwards the attorney for B. and wife, in pursuance of a secret agreement with the attorneys of M. & M., agreed that a bill of exceptions should be signed in that case and filed as of the date of the rendition of the judgment. The judgment was thereupon taken to the supreme court and reversed, and on a new trial judgment was rendered in favor of M. & M. *Held*, That B. & Co. were entitled to enforce the decree of foreclosure to the extent of the judgment against M. & M.

APPEAL from Lancaster county, POUND, J., presiding.

*Burr & Kelly*, for appellants.

*A. J. Sawyer*, for appellees.

MAXWELL, J.

This is an action to enjoin the defendants from·selling lots 5 and 6 in block 47, in Dawson's addition to the city of Lincoln, and the south half of the northwest quarter of section 14, township 11, range 4 east, in Seward county, upon an order of sale issued on a decree rendered in the district court of Lancaster county in 1872, in an action wherein Barhydt and company were plaintiffs and the plaintiffs herein defendants. On the hearing of the cause the injunction was made perpetual. The defendants appeal to this court.

There is but little dispute as to the principal facts in this case, which are in substance as follows: At the April term, 1872, of the district court of Lancaster county, Barhydt & Co. obtained a decree of foreclosure upon the above described real estate against Bax and wife for the sum of $1,866.72. The title of the lots was in the wife and of the land in Seward county in the husband. On the second day of May, 1873, Lousia E. Bax recovered a judgment against May & Monteith for the sum of $872.60. On the twenty-ninth day of November of that year, and after the time for filing a bill of exceptions in the case had expired, the plaintiffs and defendants entered into the following agreement: That Barhydt & Co. were to release the mortgage upon the land in Seward county upon consideration of the sum of $400, and were to accept an assignment of the judgment against May & Monteith and release the decree of foreclosure upon the lots. May & Monteith had taken a stay upon the judgment against them, which at that time did not preclude them from having the case

reviewed on error, but prevented an execution being issued
until one year from the rendition of the judgment.  Several
months after the time for filing a bill of exceptions in the
case of Bax against May & Monteith had expired, the
attorney for Mrs. Bax, in pursuance of a secret agreement
with the attorneys for May & Monteith, consented to a
bill of exceptions, being signed and filed in the district
court as of May 2, 1873.  The case was then taken on
error to the supreme court, where Mrs. Bax appeared
and contested the case.  The judgment was reversed
and remanded, and at the next trial judgment was ren-
dered in favor of May & Monteith.  A very large amount
of testimony was taken to show that Bax and wife did
not agree that the case should not be reviewed on error, and
in effect going to show that Barhydt and Company took the
judgment subject to all contingencies.  A full and sufficient
answer to these objections is that at the expiration of six
months from the date of the judgment, within which time
proceedings in error must be instituted, no bill of excep-
tions was signed or filed in the district court.  This left
the judgment of Bax v. May & Monteith in full force, and
it would have so continued but for the interference of
Mrs. Bax's attorney.  By this stipulation to which Barhydt
& Co. were not parties, and which it is clear they had no
notice of, and which was not disavowed by Mrs. Bax,
Barhydt & Co. lost the avails of the judgment.

For the purposes of this action the act of Mrs. Bax's
attorney is her act and she is bound thereby.  Now sup-
pose she had released a security in favor of Barhydt & Co.,
would she not have been answerable to them for the
amount thus released?  There is no doubt of her liability
in such case.  To the extent therefore that Barhydt &
Co. were deprived of their judgment lien by the act of
Mrs. Bax they are entitled to retain the same amount out
of the security which they surrendered in consideration
of such judgment.

A court of equity requires those who seek its aid to show that they are not seeking to enforce an undue advantage gained by questionable or improper means. He that seeks justice must be willing to render justice, and must not rely upon grounds which are in contravention of honesty and fair dealing. To the extent of the judgment against May & Monteith, viz., the sum of $872.60 and interest, Barhydt & Co. are entitled to enforce their decree against the plaintiffs. The defendants having received $400 from the avails of the sale of the real estate in Seward county, it would be inequitable to enforce the decree against that land.

The judgment of the district court is reversed and a decree will be entered in this court in conformity to this opinion.

DECREE ACCORDINGLY.

COBB, J., having been of counsel in the court below, did not sit.